FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 14, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN JACOB CONRAD EVARTS,<br><br>Plaintiff,<br><br>v.<br><br>DRUG ENFORCEMENT ADMINISTRATION, DEA AGENT "JOSE,"<br><br>Defendants. | No.  2:26-CV-00205-MKD<br><br>ORDER DISMISSING CASE |

Plaintiff filed a Complaint on May 6, 2026.  ECF No. 1.  Plaintiff also filed an application to proceed *in forma pauperis*.  ECF No. 3.  A complaint filed by any party that seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to screening, and the Court must dismiss a complaint that, among other things, fails to state a claim.  28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

ORDER - 1

Having reviewed Plaintiff's allegations liberally, *see Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019), the Court concludes Plaintiff's Complaint fails to state a claim.  Plaintiff alleges that a Drug Enforcement Administration agent disclosed Plaintiff's alleged status as a confidential informant or confidential source to a target of a criminal investigation, which Plaintiff alleges placed him and his family at risk.  ECF No. 1 at 4-7.  Plaintiff names the Drug Enforcement Administration and an individual DEA agent as Defendants and seeks $250,000 in damages.  *Id.* at 2, 7.  But Plaintiff does not identify any cognizable cause of action against either Defendant.  To the extent Plaintiff seeks damages for an alleged constitutional violation, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), does not provide a damages remedy against a federal agency and the Court declines to imply a new *Bivens* remedy based on the alleged disclosure of confidential source information during a federal law enforcement investigation.  *See Egbert v. Boule*, 596 U.S. 482, 491 (2022) ("[W]e have emphasized that recognizing a cause of action under *Bivens* is a 'disfavored judicial activity.'") (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017)).  Plaintiff also does not identify any statute or DEA policy that creates a private right of action for damages based on the alleged disclosure of confidential-source information.

ORDER - 2

The Court thus dismisses this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court further denies leave to amend.  *See Lucas v. Cal. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding that when a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint).

Accordingly, **IT IS HEREBY ORDERED:**

1.    This action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.    Plaintiff's application to proceed *in forma pauperis*, **ECF No. 3**, is **DENIED as moot.**

3.    The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, **enter judgment**, provide a copy to Plaintiff, and **CLOSE** the file.

DATED May 14, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 3